UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DAVID WHITE, | Case No. 3:24-cv-01702-AR |
| Plaintiff, | **ORDER TO AMEND** |
| v. | |
| JULIA ANNETTE WHITE, TAMERA DAVIS, DAVID SMITH, and JAMES SHIPLEY, | |
| Defendants. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff David White, representing himself and seeking to proceed *in forma pauperis*, sues defendants Julia Annette White, Tamera Davis, David Smith, and James Shipley (together, defendants), who are his ex-wife, her attorney, and other persons who provided evidence and testimony during his divorce proceedings. According to White, defendants colluded with each other and colluded with the trial court judge to commit perjury and to provided false testimony in those proceedings, which resulted in an unfair division of marital assets. In this lawsuit, White

Page 1 – ORDER TO AMEND

brings claims for breach of contract, fraudulent misrepresentation, and unjust enrichment, and asks the court to vacate the August 4, 2022, divorce decree and September 1, 2022, judgment dividing assets and awarding spousal support. He further challenges the appeals he took from his divorce proceedings,[1] and asks the court to vacate other related state trial orders. (*Id.* at 8, 16-17, 19, 74-75.) As currently alleged, however, White's complaint does not establish that this court has jurisdiction to hear this case, and for this lawsuit to go forward, he must timely file an amended complaint that corrects the deficiencies identified in this order.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[2]

---

[1] *In re Marriage of White*, 327 Or. App. 547 (2023) (affirming without opinion), *rev. denied*, 372 Or. 156 (2024).

[2] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 2 – ORDER TO AMEND

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

In his civil cover sheet, White contends that the court has federal question jurisdiction. (Civil Cover Sheet, ECF No. 1-1.) To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). White identifies several criminal statutes as support for his allegations of perjury, false testimony, and collusion, including 18 U.S.C. §§ 3, 4, 1001, and 1621. However, criminal provisions generally do not give rise to plausible civil claims. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes generally "provide no basis for civil liability); *see also Arunachalam v. Apple, Inc.*, No. 5:18-cv-01250-EJD, 2018 WL 5023378, at *5 (N.D. Cal. Oct. 16, 2018) (providing there is "no private cause of action for obstruction of justice").

White also cites 28 U.S.C. § 455. But that statute relates solely to disqualification of federal judges. 28 U.S.C. § 455(a) (providing that "[a]ny justice, judge, or magistrate judge of *the United States* shall disqualify himself" where impartiality might be questioned) (emphasis added). It does not grant this court authority over alleged misconduct by a *state court* judge or committed in *state court* proceedings. Thus, the federal statutes on which White relies do not provide federal question jurisdiction. Additionally, the claims asserted in the complaint – breach of contract, fraudulent misrepresentation, and unjust enrichment – are state law claims that do not present federal questions, or in other words, violate federal law or the United States Constitution.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that damages are more than $75,000, **that he is a citizen of one state, and that all the defendants are citizens of**

**other states**. 28 U.S.C. § 1332(a). White's alleged damages of $44,000 do not exceed the jurisdictional requirement. Also, White provides a Portland, Oregon address for himself and states that defendants reside in Multnomah County, Oregon. Because White and defendants are citizens of the same state and his damages are less than the jurisdictional amount, and the court lacks diversity jurisdiction over this action.

Additionally, even if White could establish either federal question or diversity here, as alleged, the court lacks jurisdiction because he cannot challenge a state court judgment in federal court. Under what is known as the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

At bottom, White alleges that defendants colluded with each other and the trial court judge during his state court divorce proceedings, resulting in an unfair division of marital assets. White also appears to challenge several state court orders, judgments, and appeals stemming

from his divorce decree and division of assets. Because his alleged legal injuries arise from the state courts' purportedly erroneous judgments and decisions, and the practical effect of the relief he seeks would require this court to reverse or revisit those rulings, White's complaint constitutes a *de facto* appeal from those rulings. Accordingly, the court lacks jurisdiction to adjudicate White's claims.

As currently alleged, the court lacks subject matter jurisdiction over this lawsuit. Should White choose to file an amended complaint, he must identify a federal statute that provides this court with jurisdiction. White is cautioned that this court has no authority to review state court decisions.

## CONCLUSION

For White to proceed further, an AMENDED COMPLAINT that supports this court's exercise of subject matter jurisdiction must be filed within 30 days – or **November 11, 2024.** Failure to respond to this Order by November 11, 2024, may mean that the court will recommend dismissing this case. It appears from White's IFP application that he is unable to afford the filing fees, and therefore, his application (ECF No. 2) is GRANTED. However, the Clerk of the Court shall not issue process until further order of the court. The court DEFERS ruling on his application for leave to use the CM/ECF filing system as a self-represented party (ECF No. 4) until after an amended complaint establishing this court's jurisdiction is filed.

DATED: October 11, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge